1
2
3
4
5
6
7

8            IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MATTHEW ALAN LAWRIE,            )    1:11-cv-00798-GSA-PC
                                     )
12             Plaintiff,            )    ORDER DISMISSING CASE FOR FAILURE
                                     )    TO OBEY A COURT ORDER
13        vs.                        )    (Doc. 7.)
                                     )
14   STATE OF CALIFORNIA, et al.,    )    ORDER DIRECTING CLERK TO CLOSE
                                     )    CASE
15             Defendants.           )
     _____)

16

17   **I.      BACKGROUND**

18        Matthew Alan Lawrie ("Plaintiff") is a state prisoner proceeding pro se with this civil rights

19   action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint on April 29, 2011.  (Doc. 1.)  On July

20   12, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have

21   made an appearance.  (Doc. 9.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the

22   Eastern District of California, the undersigned shall conduct any and all proceedings in the case until

23   such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

24        On May 19, 2011, the Court issued an order requiring Plaintiff to either submit an application

25   to proceed in forma pauperis, or pay the $350.00 filing fee for this action, within forty-five days.  (Doc.

26   7.)  The forty-five day period has now expired, and Plaintiff has not complied with or otherwise

27   responded to the Court's order.

28                                        1

## II.      FAILURE TO OBEY A COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since April 29, 2011.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by either submitting an application to proceed in forma pauperis or by paying the filing fee for his lawsuit.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to resolve the payment of the filing fee in his lawsuit in the first instance and to respond to the Court's order in the second instance that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff has not paid the filing fee for this action, which indicates that Plaintiff may be indigent, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

///

2

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

III.   **CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.      This action is DISMISSED based on Plaintiff's failure to obey the Court's order of May 19, 2011; and

2.      The Clerk is DIRECTED to close this case.


IT IS SO ORDERED.

**Dated:   July 19, 2011**                          **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE

3